[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUPPLEMENTAL BILL OF COST (#160.00)
This case comes to this court on a supplemental bill of costs. Two items were left in dispute after the court's hearing. The first item was a witness fee to Ronald Glendinning in the sum of $19,300.00. The second was a document investigative cost and expenses under General Statutes 52-257b of the statutes in the sum of $200.00. After the hearing the court was advised that the claim for the $200.00 had been abandoned. Accordingly, the court denies that request. This memorandum of decision will address Ronald Glendinning's witness fee.
The case was ably presented by both lawyers.
Section 12-118 (now Section 12-117a) provides that costs may be taxed in the discretion of the court in a tax appeal pursuant to that section. Section 52-257 of the Connecticut General Statutes provides for fees in court actions including legal fees for witnesses. Connecticut General Statutes 52-260 defines witness fees in (f). A witness in this section is a real estate appraiser summoned to give expert testimony in any action or proceeding. This court finds this appeal under 12-118 (now 12-117a) to be an action or proceeding. The court finds no authority for the defendant's proposition that since the word "summoned" is used, this applies only to witnesses under a subpoena. The court interprets summoned in its generic sense meaning, requested or required to give such testimony.
The court heard the evidence as to what Mr. Glendinning believed to be a reasonable fee. He claimed $19,300.00. In Hartman Tobacco Company v. Argraves, 21 Conn. Sup. 343, 345, CT Page 8883 (1959), the court indicated that "in general, whatever labor, skill, research and other activities go into making the actual valuation and communicating it to the owner and the court should be considered a part of the appraisal." The court also indicated that conferences with attorneys to help them in preparation for the trial or during the trial, should not be included.
The court has considered all of the evidence in the case. The court further finds that the testimony of Mr. Glendinning as to what was a reasonable fee was uncontradicted by other expert testimony.
The court finds the four hours of court preparation are to be excluded under the caselaw above cited. The court finds the witnesses flat fee of $1,200.00 per day regardless of whether his testimony on the stand was one hour or six hours, is arbitrary. The witness was not able to testify with certainty as to how long he was on the stand. Accordingly, his claim for $3,600.00 is denied.
The review of the oppositions appraisal which was billed for $600.00 is disallowed as it is preparation for trial rather than the preparation of his report.
Therefore, the court deducts $4,800.00 from his request for $19,300.00 and finds the fee of $14,500.00 to be fair and reasonable and orders the defendant to pay it.
All other orders previously made on cost are not effected by this order and are to remain in full force in effect.
KARAZIN J.
Decision entered in accordance with the foregoing, 10/19/93. Assist. Clerk.
All Counsel Notified 10/19/93.
SUPPLEMENTAL BILL OF COSTS
Complaint (52-257(a)) . . . . . . . . . . . . . . . . . . . . . $ 11.00 Proceeding before trial (52-257(a)) . . . . . . . . . . . . . . 50.00 Trial of issues of law and fact (52-257(a)) . . . . . . . . . . 75.00 Further allowance in difficult or extraordinary cases in the Superior Court where a defense CT Page 8884 has been interposed (52-257(a)) . . . . . . . . . . . . . . . 200.00 Witness fee — Ronald Glendinning (52-257(b)) . . . . . . . . 19,300.00 witness travel — Max Kargman 8/7/91 (52-257(b)) . . . . . . . . 132.50 Witness travel — Max Kargman 8/8/91 (52-257(b)) . . . . . . . . 132.50 Witness travel — Max Kargman 8/12/91 (52-257(b)) . . . . . . . 132.50 Deposition — Russel Bjorklund (52-257(b)) . . . . . . . . . . . 30.00 Document investigative costs and expenses (52-257(b)) . . . . . . . . . . . . . . . . . . . . . . . . . 200.00 Entry fee . . . . . . . . . . . . . . . . . . . . . . . . . . . 90.00 Sheriff's fee . . . . . . . . . . . . . . . . . . . . . . . . . 28.80 Cost of printing briefs for the Supreme Court (52-257(d)(2)) . . . . . . . . . . . . . . . . . . . . . . . 188.26 Costs accruing to prevailing party in Appellate Cases (52-257(d)(1)) . . . . . . . . . . . . . . . . . . . . 100.00
$20,670.56
THE PLAINTIFF
By: Vincent J. Flynn D'Andrea Cacace 777 Summer Street, P.O. Box 15859 Stamford, CT 06901-0859 (203) 327-2000, Juris No. 105068